RB:MMS
F.#2008R01394

M-10-1283

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA

    - against -

YITZCHOK KAPLAN,

    Defendant,
- - - - - - - - - - - - - - - - - - X

AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(T. 18, U.S.C.
§ 1344)

EASTERN DISTRICT OF NEW YORK, SS:

    VINCENT PARLATORE, being duly sworn, deposes and says that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

    In or about and between August 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant YITZCHOK KAPLAN, together with others, did knowingly and unlawfully attempt to execute a scheme or artifice to defraud a financial institution and to obtain moneys, funds, credits, assets and other property under the custody and control of said financial institution, to wit: Barclays Bank Delaware, by means of false and fraudulent pretenses, representations and promises.

    (Title 18, United States Code, Section 1344).

    The source of your affiant's information and the grounds for his belief are as follows:

    1.  I have been a Special Agent with ICE for eight

years. I have investigated document fraud as well as other types of white collar crime. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

2. Except as explicitly set forth below, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts of which I have hearsay knowledge. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of the defendant, I have not set forth each and every fact learned during the course of this investigation. Instead, I have set forth only those facts which I believe are necessary to establish probable cause for the warrant sought herein. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. From Summer 2009 to the present, ICE has been investigating a group of individuals, located primarily in Brooklyn, New York and New Jersey, who are responsible for participating in a scheme to fraudulently obtain mortgages, bank loans and credit cards. Specifically, the scheme involves utilizing "straw applicants," individuals who purport to banks and other financial institutions to be in need of a loan or credit card, when in fact they have no such need. Rather, straw

applicants are paid a fee to obtain these benefits for others, who will use the loan proceeds or credit cards for themselves without having to make the payments associated with them. Based on my training and experience, straw applicants usually intend to permanently leave the United States and do not care if their credit is ruined.

4. On or about August 19, 2009, an undercover ICE agent ("UC") was introduced to an individual named MAYER GINDI in Staten Island, New York  The UC, known to GINDI as "Angel Mejia," presented himself as someone with good credit who was willing to participate in a fraudulent mortgage scheme as a straw buyer in exchange for payment. The UC told GINDI that he was about to return to his home country of Colombia.

5. On or about September 2, 2009, during a consensually recorded telephone call, GINDI told the UC that, "I've got a brother that I do business with, I've been backing him for a couple of years and right now he, he could get himself a business loan because his company is old enough ... but he needs [a good credit] score with it, so he wants to meet you and figure out something you know."

6. On or about September 10, 2009, the UC and GINDI's brother ISAAC GINDI ("ISAAC"), met at a diner in Brooklyn. ISAAC explained that he needed a copy of the UC's social security card and driver's license to obtain a line of credit or business loan

for ISAAC's company in the UC's name. In return, the UC would be paid a fee of 5% of the total amount of the loan.

7. On or about November 23, 2010, ICE agents faxed ISAAC the UC's undercover driver's license and social security card. ICE agents expected, based on conversations between the UC and ISAAC, that ISAAC would use these items in connection with a business loan or line of credit. ICE began monitoring the UC's credit report for credit inquiries and activity.

8. In early December 2009, ICE learned that several fraudulent credit card applications were submitted to credit card companies using the UC's identifying information.

9. In particular, on or about December 10, 2009, an application for a Visa Black card in the name of Angel Mejia was submitted to Barclays Bank Delaware. The address provided on the credit card application was 21 Ellish Parkway Spring Valley, NY 10977 (the "ELLISH PARKWAY ADDRESS"). A Visa Black card issued by Barclays Bank Delaware was subsequently mailed via UPS to the ELLISH PARKWAY ADDRESS.

10. On or about December 16, 2009, an application for an Amerprise World Mastercard was submitted to Barclays Bank Delaware in the name of Angel Mejia using the ELLISH PARKWAY ADDRESS. This credit card application was never approved.

11. On or about June 18, 2010, an application for a Farm Bureau Bank Mastercard was submitted to Barclays Bank of

4

Delaware in the name of Angel Mejia using the ELLISH PARKWAY ADDRESS. This credit card application was never approved.

12. On or about June 23, 2010, I interviewed an individual named DANIEL BADDOUCH ("BADDOUCH"). BADDOUCH admitted that he and the defendant, YITZCHOK KAPLAN, attempted to open credit cards and obtain loans using Angel Mejia's identity. ISAAC provided BADDOUCH with Mejia's information and the loan proceeds and credit cards were to be used by and for the benefit of GINDI and ISAAC.

13. On or about August 26, 2010, I visited the defendant YITZCHOK KAPLAN at the ELLISH PARKWAY ADDRESS. He admitted that BADDOUCH's friend ISAAC asked KAPLAN for assistance in obtaining credit cards in the name of Angel Mejia. KAPLAN admitted that he submitted multiple credit card applications in Angel Mejia's name, including an application to Barclays Bank for a Visa Black card. KAPLAN also admitted that he applied for the Visa Black card over the telephone, impersonating Angel Mejia to Barclays Bank. The Visa Black card was sent to KAPLAN at the ELLISH PARKWAY ADDRESS. KAPLAN contacted ISAAC in an attempt to activate the Visa Black card to cover over $1800 in charges he incurred at a billiards hall. Although ISAAC told KAPLAN that he would forward the necessary information on Angel Mejia to enable KAPLAN to activate the card, he never did. Therefore, KAPLAN never activated the card.

14. Barclays Bank Delaware is a financial institution insured by the Federal Deposit Insurance Corporation.

WHEREFORE, your affiant respectfully requests that an arrest warrant be issued for YITZCHOK KAPLAN.

VINCENT PARLATORE
Special Agent
Immigration and Customs Enforcement

Sworn to before me this
1st day of November, 2010

THE HONORABLE ANDREW L. CARTER
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK